EMPIRE FIRE & MARINE INSURANCE COMPANY, Plaintiff-Appellant, v. FAITH TRUCK LINES, INC., *et al.*, Defendants (Jerry Adams *et al.*, Defendants-Appellees).

First District (5th Division)   No. 86—1096

Opinion filed December 30, 1988.—Rehearing denied January 30, 1989.

Dowd & Dowd, Ltd., of Chicago (Michael E. Dowd, Marybeth Jacobsen, and Philip J. McGuire, of counsel), for appellant.

Tressler, Soderstrom, Maloney & Priess, of Chicago (Robert S. Soderstrom, Shaun McParland, and Kimberly Kentra Gralen, of counsel), for appellee Jerry Adams.

Michael W. Rathsack, of Chicago, for appellee Electronic Plating Company, Inc.

JUSTICE PINCHAM delivered the opinion of the court:

Plaintiff, Empire Fire & Marine Insurance Company (Empire), filed a declaratory judgment action against defendant Faith Truck Lines (Faith), a trucking company, seeking a declaration that under the provisions of its insurance policy, Empire had no duty to defend or indemnify Faith and Faith's driver, Jerry Adams, both Empire's insureds, for claims or judgments arising from an explosion. Following a bench trial, the trial court held that Empire was bound to assume the obligations of the defense and indemnification of Faith and Adams and entered judgment in favor of the defendants. Empire appeals. We affirm.

The facts are as follows. On July 19, 1982, Jerry Adams, a truck driver for defendant, Faith, delivered a load of hydrochloric acid, purchased from K & A Steel Chemicals (K & A) by Electronic Plating, to Electronic Plating. During the course of Adams' delivery of the acid at Electronic Plating, a chemical reaction and explosion occurred inside the tank into which the acid was being pumped, chlorine gas escaped from the tank and several people in the vicinity were overcome by fumes.

Charlie Woodard, president and owner of Faith, telephoned Bruce Reinger, president of IMC Insurance Agency, the afternoon of July 19, 1982, and notified him of the accident. Faith had acquired most of its insurance through the IMC Insurance Agency. Reinger and IMC were not expressly designated authorized agents of Empire. Clemens & Associates in Bloomington was the only authorized agent of Empire in the State of Illinois. However, from the inception of Faith's original policy with Empire, on October 22, 1979, and during the subsequent renewal periods leading up to the July 19, 1982, accident, Faith gave notice of all claims against it to Reinger, who then reported the claims to Clemens and Clemens notified Empire, which never objected to this procedure. Empire used Reinger and IMC as intermediaries or agents in contacting Faith for delivery of Faith's policies, billing, collecting premiums and other matters related to the policies.

On July 26, 1982, Reinger mailed a written report to Fireman's Fund Insurance Companies, which he believed covered Faith's loss under a general liability policy. Fireman's Fund contends that it did not receive notice of the accident until June 10, 1983.

In January 1983, Electronic Plating brought suit against Faith,

Adams and K & A seeking compensation and punitive damages for property losses incurred as a result of the accident. Faith forwarded documents pertaining to the suit to Reinger, who did not forward the papers to anyone else. A default judgment was entered against Faith. Faith sent notice of the default to Reinger. After Reinger received notice of the default judgment, Reinger contacted Fireman's Fund to inquire about the status of the claim. Fireman's Fund advised Reinger that Faith's policy with Fireman's Fund did not cover the accident and suggested that Reinger contact Faith's automobile insurance carrier. By early July 1983, Reinger contacted Clemens about the accident. On July 8, 1983, Clemens forwarded notice of the loss to Empire.

The subject insurance policy, Empire Business Auto Policy number BA955062, was issued to Faith in 1979. Faith was the only insured named in the policy, which stated, *inter alia,* "Anyone else is an *insured* while using with *your* permission a covered *auto you* own, hire or borrow \*\*\*." (Emphasis in original.) The policy also provided that Empire would pay "all sums the insured legally must pay as damages because of bodily injury or property damage \*\*\* caused by an accident and resulting from the ownership, maintenance or use of a covered auto." (Emphasis in original.) Other pertinent provisions include:

"WORDS AND PHRASES WITH SPECIAL MEANING \*\*\*

A. '*You*' and '*your*' mean the person or organization shown as the named insured in ITEM ONE of the declarations.

B. '*We*', 'us' and '*our*' mean the company providing the insurance.

\* \* \*

A. YOUR DUTIES AFTER ACCIDENT OR LOSS.

1. *You* must promptly notify *us* or *our* agent of any *accident* or *loss. You* must tell *us* how, when and where the *accident* or loss happened. *You* must assist in obtaining the names and addresses of any injured persons and witnesses.

2. Additionally, *you* and other *insureds* must.
\*\*\*

(b.) Immediately send *us* copies of any notices or legal papers received in connection with the *accident* or *loss* \*\*\*." (Emphasis in original.)

The policy did not define the term "agent." However, "Clemens & Associates" appears under the designation "Agent's Name and Address" on the declaration pages of the policy and on several of the subsequent endorsements. Although Reinger and IMC are not men-

tioned in the policy, Reinger forwarded Faith's application for insurance coverage by Empire to Clemens and delivered the policy to Faith.

The trial court held that Clemens' and Empire's receipt and acceptance of prior notices of claims forwarded by Faith to Reinger and IMC created an apparent agency. The trial court noted that the law favors insurance coverage and held further that Empire was required to assume responsibility for the defense and indemnification of the claims arising from the accident.

On appeal, Empire contends that Reinger and IMC were Faith's brokers, not agents of Empire, and that the trial court erred in finding that Reinger and IMC were Empire's agents for receipt of notice of loss. We disagree.

■ The narrow issue is whether Faith and Adams, on the basis of the acts of Empire and Clemens, reasonably believed that Reinger and IMC were Empire's agents for the purpose of receipt of notice of loss. Generally, a broker acts on behalf of and as the agent of the insured and an agent acts on behalf of the insurance company. (*Continental Casualty Co. v. Aetna Insurance Co.* (1980), 82 Ill. App. 3d 402, 407, 402 N.E.2d 756, 759.) However, a broker can act as an agent of the insurance company or as the agent of both the insured and the insurer (*City of Chicago v. Barnett* (1949), 404 Ill. 136), and an insurance company may be estopped to deny the agency of a broker which has arisen from a course of dealings between the parties. *Ledbetter v. Crudup* (1983), 114 Ill. App. 3d 401, 403, 449 N.E.2d 265, 267.

From 1979 through 1982 Faith forwarded its notices of claims to Reinger and IMC, who then notified Clemens, which in turn contacted Empire. The brokerage agent for Clemens, Marjorie Evelsizer, testified that this was the standard and appropriate procedure from which these parties never deviated. Additionally, Empire, through Clemens, used Reinger and IMC as its agents for the purpose of delivering Empire's insurance policy to Faith and as its agents in billing and collecting policy premiums to and from Faith. Empire, through Clemens, allowed Faith to report prior claims and losses through Reinger and IMC, and all other contacts between Empire and Faith were made through Reinger and IMC.

■ ■ Estoppel is based on the principle that one cannot act in a particular manner and then assume an inconsistent position to the prejudice of another who has relied upon such act. (*Sponemann v. Country Mutual Insurance Co.* (1983), 120 Ill. App. 3d 211, 221, 457 N.E.2d 1031.) Clemens repeatedly accepted notices of loss from Reinger and IMC and used Reinger and IMC for deliveries, billing

and collections. We conclude, therefore, that such conduct on the part of Clemens and Empire's concomitant acquiescence justified Faith in believing that this method of reporting claims to Empire was proper. By reason of this course of conduct by Empire, Clemens, Reinger, IMC, and Faith with respect to the reporting of vehicular accidents, an apparent agency was created in Reinger and IMC and Empire is estopped to deny the apparent agency of Clemens and IMC to the detriment of Faith and Adams. We further conclude that Empire has a duty to defend and indemnify its insureds, Faith and Adams, for the claims and judgments resulting from the accident.

Empire lastly contends that if this court finds that Reinger and IMC were not agents of Empire for the purpose of receipt of notice of loss, then this court must determine whether the notice received by Clemens was reasonable under the circumstances. Having reached the conclusion that Reinger and IMC were the apparent agents of Empire for the purpose of receiving notice of Faith's loss, we need not address this issue.

The judgment of the circuit court is affirmed.

Affirmed.

LORENZ, P.J., and MURRAY, J., concur.