UNION BANK OF EAST ST. LOUIS, Plaintiff, v. THOMAS E. MATTINGLY *et al.*, Defendants (Alfred Bononi *et al.*, Third-Party Plaintiffs-Appellants; Glen Lewis *et al.*, Indiv. and as the General Partners of Hospital Equipment Partnership No. 1, *et al.*, Third-Party Defendants; Fidelity and Deposit Company of Maryland, Third-Party Defendant-Appellee).

Fifth District   No. 5—89—0768

Opinion filed June 26, 1991.

132

David Michael Harris and Gayle G. Stratmann, both of Greensfelder, Hemker & Gale, P.C., of St. Louis, Missouri, for appellant M-D Leasing Company.

Donald G. Musick, of Mt. Vernon, for appellee.

JUSTICE HOWERTON delivered the opinion of the court:

This is a suit on a forthcoming bond in a replevin case. Replevin is not a standard on the usual bill of fare of appellate work, and therefore, some legal background is provided before this case is discussed.

■ Replevin is commenced by filing a verified complaint that alleges that property is detained wrongfully by defendant and plaintiff either is the owner of the property or lawfully is entitled to possession. Ill. Rev. Stat. 1989, ch. 110, par. 19—104.

■ A replevin order commands the sheriff to take the property from defendant's possession and deliver it to plaintiff. (Ill. Rev. Stat. 1989, ch. 110, par. 19—109.) However, the sheriff is not to serve the replevin order until plaintiff gives the sheriff a replevin bond, with security, in the amount of twice the value of the property, the purpose of the bond being not only to indemnify the sheriff, but to prevent him or her from being a mere trespasser upon seizure of the property. Ill. Rev. Stat. 1989, ch. 110, par. 19—112; see also H. Wells, *Treatise on the Law of Replevin* §386 (1880).

■ Defendant can prevent seizure by executing a bond in the sum of twice the value of the property, with security approved by the sheriff, and this bond must be executed before the property actually is delivered to plaintiff. (Ill. Rev. Stat. 1989, ch. 110, par. 19—116.) This bond executed by defendant is known as a forthcoming bond. *United States Fidelity & Guaranty Co. v. Sabath* (1936), 286 Ill. App. 320, 330, 3 N.E.2d 330, 335 (wherein it was said, "A forthcoming bond is conditioned upon the forthcoming of the property to answer such judgment as may be entered, and if the property be forthcoming no liability ensues").

In the case at bar, appellant borrowed money from Union Bank of East St. Louis to buy hospital equipment, bought the equipment, and leased it to Mt. Vernon Hospital, Inc., which in turn made all lease payments directly to Union Bank.

When the hospital defaulted, the bank brought replevin against the hospital, other defendants not part of this appeal, and appellant.

The hospital posted a forthcoming bond, with appellee as surety, the bond providing:

> "We, the hospital and Fidelity[,] jointly and severally bind ourselves to the sheriff of Jefferson County, Illinois; that defendant, Mt. Vernon Hospital, Inc., will appear in and de-

fend said action and will deliver such property in accordance with the order of the court *** and said defendant will pay those costs and damages that may be incurred during the time the property is out of the possession of the officer and in its possession and as shall be adjudged against the said defendant in such action."

The circuit court, on a pleading technicality, struck the bank's complaint and granted 28 days within which to amend. On o. about that same day, lawyers for the bank and the hospital agreed that the forthcoming bond that had been filed would stand and be effective to prevent replevy when the bank filed its amended complaint.

The bank filed its amended complaint, and a new order of replevin was issued, but the bank made no attempt at replevy, relying on its agreement and the previously filed forthcoming bond, while the hospital continued to pay appellee for issuing the forthcoming bond.

Appellant and the hospital, with the court's permission, which recognized the existence of the forthcoming bond, sold the equipment.

Appellant and the bank settled, under the terms of which the bank assigned all its interest in the replevin bond to appellant, and the court substituted appellant on all the bank's causes herein pursuant to section 2—1008 of the Illinois Code of Civil Procedure. Ill. Rev. Stat. 1989, ch. 110, par. 2—1008.

Appellant then filed, with leave of court, as third-party plaintiff, this replevin suit against third-party defendant, the appellee, seeking to recover on the forthcoming bond which had been issued by appellee as security in the hospital's behalf. This third-party complaint sought to recover on the forthcoming bond and alleged that the equipment had depreciated by $140,000 and that no rent had been paid while the equipment was allowed to be held by the hospital by the forthcoming bond.

Appellee moved to dismiss, claiming that the bank had not filed a replevin bond when it started this case, and that since the replevin bond is a necessary prerequisite to replevin, it likewise is a necessary prerequisite to liability on the forthcoming bond. Ill. Rev. Stat. 1989, ch. 110, par. 19—101 et seq.

The circuit court dismissed, finding that: (1) posting a replevin bond is a necessary prerequisite to liability on the forthcoming bond; (2) the sale of the equipment released appellee from liability on the forthcoming bond; and (3) the dismissal of the bank's first complaint in replevin released appellee from liability on the forthcoming bond.

Appellant makes two arguments in this court: (1) a replevin bond is not a prerequisite to liability on a forthcoming bond; and (2) in the alternative, if a replevin bond were a prerequisite, appellee, as surety, should be estopped from denying the validity of its forthcoming bond. We address only the second argument, because we find estoppel, and reverse and remand.

■■ Estoppel is based on the principle that one cannot act in a particular manner and then assume a position inconsistent to the prejudice of another who has relied upon that act. *Empire Fire & Marine Insurance Co. v. Faith Truck Lines, Inc.* (1988), 178 Ill. App. 3d 356, 533 N.E.2d 441.

Appellee waived strict compliance with the replevin statute when it filed the forthcoming bond. By posting the forthcoming bond, the hospital was allowed to retain possession of the equipment. Furthermore, the parties filed representations with the court that the bond existed, and all parties acted in reliance upon this assumption. For example, the bank did not call up its replevin case for hearing in reliance on the validity of the forthcoming bond; nor did the bank, as awkward as it would have been, contest the validity of the forthcoming bond. Both the hospital and the circuit court recognized the forthcoming bond in various pleadings and orders of the court. The hospital's motion to dismiss Union Bank's second amended complaint was supported by a memorandum that said, "On April 11, 1984, an order in replevin was issued, but because Mt. Vernon Hospital posted a bond in the amount of twice the value of the equipment, the equipment has remained with Mt. Vernon Hospital." In its motion for summary judgment, the hospital realleged and referred to the bond. And most importantly, the hospital continued to pay premiums on the bond and appellee accepted those premiums as though the bond was in force.

■■ The rule that estops the principal who obtains the benefits of a bond from denying its obligation estops also the surety. *People ex rel. Empress Farms, Inc. v. United States Trotting Association* (1973), 13 Ill. App. 3d 327, 300 N.E.2d 18.

■■ Appellee knew that plaintiff had posted no replevin bond, yet accepted the hospital's premiums, leading all parties to believe the bond was valid. Such a situation is analogous to an insurer remaining silent and accepting premiums even though it knows the contract has been breached, a circumstance under which the insurer is estopped. (See *Garcy Corp. v. Home Insurance Co.* (7th Cir. 1974), 496 F.2d 479, *cert. denied* (1974), 419 U.S. 843, 42 L. Ed. 2d 71, 95 S. Ct. 75 (applying Illinois law).) Under these analogous cir-

136

cumstances, Fidelity is estopped from denying the validity of the forthcoming bond, and the circuit court erred in dismissing appellant's third-party complaint.

We express no opinion herein as to whether the depreciation and loss of rent claimed by appellant as damages are covered by the express language of the forthcoming bond.

The circuit court is reversed, and the cause is remanded.

Reversed and remanded.

HARRISON and CHAPMAN, JJ., concur.